charges of another kind of infraction. In this case, however, that question was foreclosed by the legislature which imposed strict liability upon certain trespassers.[5] Moreover, the comment of the Committee to Draft a Modern Criminal Code quoted above amply demonstrates the rational basis for imposition of strict liability. Obviously, the drafters and the legislature intended to provide for those de minimis situations not worthy of criminal prosecution which nevertheless require occasional minimal state action.

Accordingly, we affirm the judgment of the trial court.

All concur.

## ON MOTION FOR REHEARING

### PER CURIAM.

In their continuing diligent and conscientious efforts counsel for the defendants have filed a motion for rehearing or, in the alternative, transfer of the cause to the Missouri Supreme Court. Although we hereby overrule and deny the motion, defendants raise one point which, we believe, merits specific response. They note that the opinion of this court omits reference to the words "enters unlawfully" in § 569.150. They direct the court's attention to § 569.-010(8), where the term "enter unlawfully" is defined in the following language:

> a person "enters unlawfully or remains unlawfully" in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his purpose, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or by other authorized person.

The defendants argue that "in spite of the fact that trespass in the second degree is called an offense of absolute liability, it

contemplates the availability of defenses, namely license and privilege".

 Of course, the stipulated facts preclude the possibility that defendants were either licensed or privileged to enter the property. We understand defendants to invoke that argument to show, however, that § 569.150 is in fact not one of absolute liability for the simple reason that § 569.-010 makes available to an accused the defenses of license and privilege. We find that § 569.150 contemplates no defenses. The elements of the offense of trespass in the second degree include the unlawful entry. If the defendant has a license or a privilege to be on the property, the entry cannot be unlawful and, therefore, no offense has been committed. Proof of license or privilege is not an affirmative defense but merely evidence disproving one of the essential elements of the prosecution's case. *See State v. Hubbard*, 351 Mo. 143, 171 S.W.2d 701, 706 (1943).

The other matters raised in defendants' motion constitute "[m]ere reargument of issues determined by the opinion" and must be disregarded. Rule 84.17.

**Philander BROWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32740.**

Missouri Court of Appeals, Western District.

Jan. 26, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 2, 1982.

---

5. Defendants do not seem to quarrel with the well established rule that the legislature may constitutionally create liability for certain crimes without regard to knowledge and intent. *Smith v. California*, 361 U.S. 147, 150, 80 S.Ct. 215, 217, 4 L.Ed.2d 205, 209 (1959); *State v.*

*Napolis*, 436 S.W.2d 645, 647–48 (Mo.1969); *State v. Page*, 395 S.W.2d 146, 149 (Mo.1965). A fortiori, the legislature may impose absolute and strict liabilities for minor offenses without regard to motivation for the offending conduct.

Charles W. Gotschall, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Priscilla F. Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

## ORDER

Rule 27.26 proceeding.

Judgment affirmed. Rule 84.16(b).

**STATE ex rel. Randy COOPER, Plaintiff,**

v.

**Alvin RANDALL and Susan Stanton, Defendants.**

**No. WD 32946.**

Missouri Court of Appeals, Western District.

Feb. 2, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 2, 1982.

Lloyd Koelker, Asst. Public Defender, Kansas City, for plaintiff.

Donna V. Fischgrund, Asst. Pros. Atty., Kansas City, for defendants.

Before SOMERVILLE, C. J., and SHANGLER, PRITCHARD, WASSERSTROM, TURNAGE, CLARK and KENNEDY, JJ.

## ORIGINAL PROCEEDING IN HABEAS CORPUS

SHANGLER, Judge.

The petitioner Cooper brings a proceeding in habeas corpus on the complaint that he is unlawfully restrained by the Jackson County jailer. The petitioner is held in custody under a commitment by the circuit judge in execution of sentence upon revocation of probation. The term of probation of the petitioner was extended under the authority of § 549.071 on June 18, 1979, and then revoked. The petitioner contends that § 549.071 was effectively repealed prior to the date of extension, and so was discharged from probation by operation of law on June 21, 1979, when the original term of probation expired without event. Cooper seeks to give effect to that discharge by the writ of habeas corpus.

The petitioner Cooper entered pleas of guilty on July 21, 1977, to two counts of the possession of a controlled substance and was sentenced to concurrent two-year terms. The execution of the sentences was suspended and the petitioner was placed on probation for two years on conditions. On June 18, 1979, the circuit judge extended the probation for an additional three years